UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STANLEY HARRIS                                      CIVIL ACTION

VERSUS                                              NO: 07-9532

CHARLES MILLER, ET AL                               SECTION: J(2)

**ORDER AND REASONS**

Before the Court is Defendant, The Kroger Company's **Rule 12B(6) Motion to Dismiss (Rec. Doc. 6)**. This motion, which is opposed, is set for hearing on January 23, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should be denied.

**Background Facts**

This personal injury lawsuit arises out of a two-vehicle collision that occurred in Memphis, Tennessee on November 4, 2006. Plaintiffs are domiciled in Jefferson Parish, Louisiana. Defendant, the Kroger Company ("Kroger") is a corporation organized in Ohio, whose principal place of business is in Ohio, but which does business in Louisiana and has a registered agent in Louisiana. Defendant Charles Miller[1] is domiciled in

---

[1] Charles Miller was operating the vehicle owned by Kroger at the time of the accident.

Tennessee.

Plaintiffs filed suit in the Louisiana State District Court for the Parish of Jefferson on November 2, 2007.  Kroger was served on November 27, 2007; Charles Miller has not yet been served.  On December 7, 2007, after Plaintiffs became aware of probable removal, they filed an amending petition adding State Farm Automobile Insurance Company ("State Farm"), Plaintiffs' under-insured motorist carrier, contending Kroger is under-insured.  Defendants then removed the case on December 17, 2007.

### The Parties' Arguments

According to Defendant, Plaintiffs' claims should be dismissed based on prescription.  Because the Louisiana State District Court for the Parish of Jefferson was not and is not a court of competent jurisdiction and venue as to defendant Charles Miller and is not a court of proper venue for Kroger, and because service of process was not made upon Kroger or Charles Miller within one year from the date of the injury or damage, Plaintiffs' claims against these Defendants have prescribed.

Kroger states that according to Louisiana's general venue rules set forth in La. Code of Civ. Proc. article 42, an action against a foreign corporation must be brought in the parish where its primary business office is located as designated in its application to do business in the state.  Kroger designated East Baton Rouge as the parish of its primary place of business; therefore, venue is improper in Jefferson Parish.  Furthermore, there is no general venue provision for a non-resident person

without an agent for service of process such as Charles Miller.

Kroger also argues that La. Code of Civ. Proc. article 74, which provides an exception to the general venue rule contained in article 42, allowing an action for an offense or quasi offense to be brought in the parish where the wrongful conduct occurred or in the parish where damages were sustained is inapplicable. See <u>Lapeyrouse v. United Services Automobile Assoc.</u>, 503 So. 2d 627 (La. App. 4th Cir. 1987) (holding that venue was not proper in the parish of plaintiff's residence merely because she incurred medical expenses and endured pain and suffering there when accident occurred in another parish).  The phrase "where the damages are sustained" means "the place where the negligence or breach of duty which caused the damage occurred."  <u>Id.</u> at 628; see also <u>Williams v. Ochsner Clinic</u>, 701 So. 2d 755 (La. App. 4th Cir. 1997) ("when damage is caused to the plaintiff in the parish where the wrongful conduct occurred, then that parish, and no other, is the parish where the damages were sustained"). Therefore, according to Kroger, the proper venue in this case is where the accident occurred, i.e., in Tennessee.

In opposition, Plaintiffs state that personal injury damages were sustained by Plaintiffs in Louisiana, so jurisdiction and venue is proper in Louisiana state court for the Parish of Jefferson under article 74.  In support, Plaintiffs state that a consideration for determining the applicability of article 74 is the location of the majority of the evidence and witnesses necessary for trial of the case.  <u>Livingston Downs Racing Assoc.</u>

3

v. Kranz, 664 So. 2d 103 (La. App. 1st Cir. 1995).

Plaintiffs also state that pursuant to articles 73 and 76 of the Louisiana Code of Civil Procedure, suit was filed in Jefferson Parish against four defendants, one of which is domiciled in Jefferson Parish, (i.e, State Farm, Plaintiff's uninsured motorist carrier), who are joint and solidary obligors since their involvement arises out of the same transaction and occurrence.[2]  Therefore, because venue is proper in Jefferson Parish as to State Farm, it is proper as to all remaining defendants under article 73.  And because suit was filed on November 2, 2007, less than one year after the accident, Plaintiffs' claims have not prescribed.

Plaintiffs also state that the amended petition adding State Farm relates back to the filing of the original petition.  Because the original petition was filed in a parish of proper venue, prescription was interrupted at that time.  See La. Code Civ. Proc. art. 1153; Masson v. Champion Ins. Co., 591 So. 2d 399 (La. App. 4th Cir. 1991).

However, in its notice of removal, Kroger states that it has an underlying insurance policy with limits of $2,000,000 as well as an excess insurance policy, and therefore is not under-

---

[2] Plaintiff cites several cases holding that a tortfeasor is solidarily liable with an uninsured motorist carrier, making venue proper in the parish of the insured's domicile. See, e.g., Ausama v. Frontier Public Coach Tours, Inc., 712 So. 2d 653 (La. App. 1st Cir. 1998); see also Thomas v. Doe, 542 So. 2d 740 (La. App. 4th Cir. 1997) (holding that uninsured motorist carrier is solidarily liable with a tortfeasor for purposes of prescription).

4

insured.  As a result, Kroger argues that State Farm is fraudulently joined as a defendant simply for the purpose of establishing venue.

In response, Plaintiffs argue that State Farm was not named as a defendant simply to establish venue as Plaintiffs have a cognizable claim against State Farm.

## Discussion

**A.  Legal Standard**

As set forth by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiffs have stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiffs are entitled to relief.  The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. <u>Tanglewood East Homeowners v. Charles-Thomas, Inc.</u>, 849 F.2d 1568, 1572 (5th Cir. 1988).

**B.  Analysis**

Personal injury cases are delictual actions subject to a liberative prescription of one year from the date of the injury or damage.  La. Civ. Code art. 3492.  To interrupt the prescriptive period, suit must be commenced within one year in a court of competent jurisdiction and venue.  If the action is commenced in an incompetent court or in an improper venue,

prescription is interrupted only as to a defendant that has been served within the one year prescriptive period.  La. Civ. Code art. 3462.  Therefore, the only issue to be determined by this Court is whether venue was proper in Jefferson Parish.

Under article 42 of the Louisiana Code of Civil Procedure, an action against a foreign corporation must be brought in the parish where its primary business office is located as designated in its application to do business in the state.  Kroger designated East Baton Rouge as the parish of its primary place of business; therefore, venue is improper in Jefferson Parish as to Kroger.  Unless an exception applies, Plaintiffs' claims against Defendants must be dismissed.

Article 74 of the Louisiana Code of Civil Procedure provides such an exception.  It states in pertinent part: " An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained."  However, the overwhelming weight of authority holds that damages are considered sustained wherever the initial damages were suffered (i.e. where the wrongful conduct occurred), even if these damages increase elsewhere.  Belser v. The St. Paul Fire & Marine Ins. Co., 509 So. 2d 12 (La. App. 1st Cir. 1987).  Therefore, simply because Plaintiffs endured their pain and suffering and sought medical treatment in Jefferson Parish does not make Jefferson Parish the place where damage was sustained within the meaning of

article 74.³

Louisiana Code of Civil Procedure article 73 offers another exception to Louisiana's general venue rules.  Article 73 provides for an action against joint or solidary obligors.  It states:

> An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for recovery of damages for an offense or quasi offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.

Article 76 provides:

> An action on a health and accident insurance policy may be brought in the parish where the insured is domiciled, or in the parish where the accident or illness occurred.  An action on any other type of insurance policy may be brought in the parish where the loss occurred or the insured is domiciled.

According to article 73, an action against joint or solidary obligors may be brought in parish of proper venue for any of the defendants under article 42.  Therefore, in a case like this one, i.e., an action for damages based in tort, suit may be brought in the parish where the plaintiff is domiciled if the plaintiff's domicile would be proper against any defendant under article 76.  And according to article 76, an action on any "other" type of insurance policy, i.e. an uninsured/under-insured motorist

---

³ The Court notes that the inclusion of the permissive "may" in article 74, means that this provision is to be considered a supplementary rule that is to be liberally construed rather than strictly construed as with a true exception.

policy, may be brought in the parish where the insured plaintiff is domiciled.

Therefore, it would appear that venue is proper in Jefferson Parish, as Plaintiffs are domiciled there and venue is proper there as to Defendant State Farm.  However, if State Farm has been fraudulently joined as Kroger suggests, then venue is not proper in Jefferson Parish, and the suit must be dismissed based on prescription.

A defendant bears the burden of proving improper joinder.  A defendant may establish improper joinder by showing: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the . . . party in state court."  Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir.2004).  Only the second method is at issue here, since Defendants do not allege fraud.  To succeed on their claim of improper joinder under this method, Defendants would have to demonstrate that there is no reasonable basis for the Court to predict that Plaintiff might be able to recover against State Farm.  See id.

In assessing an improper joinder claim, the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the defendant.  Id.  This Court finds that Kroger has failed to satisfy its burden of proving improper joinder.  The only allegation regarding improper

joinder was in Kroger's notice of removal.  Therefore, Kroger has failed to show that Plaintiffs are unable to establish a cause of action against State Farm.[4]  Accordingly,

**IT IS ORDERED** that Defendant's **Rule 12B(6) Motion to Dismiss (Rec. Doc. 6)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Oral Argument on Hearing Date Regarding Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6) (Rec. Doc. 7)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's **Unopposed Motion for Leave to File Reply Memorandum (Rec. Doc. 10)** is hereby **GRANTED.**

New Orleans, Louisiana, this 22nd day of January, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[4] This Court notes that it is plausible that Plaintiffs have a cause of action against State Farm; that is, Plaintiffs can recover from State Farm if their damages exceed Kroger's insurance policy limits. In their complaint, Plaintiffs allege the following damages: (1) severe damage to the rear of Plaintiffs' vehicle; (2) Mrs. Harris suffered severe bodily injuries (lower back and neck); (3) Mr. Harris suffered severe bodily injuries (contusion of the left shoulder, complete tear of the tendons in the left shoulder, neck and back pain); (4) Mr. Harris suffered a loss of earnings of $7,500; (5) severe emotional distress; (6) all past, present, and future mental and physical pain and suffering; (7) past, present, and future physical disability; (8) past, present, and future medical expenses; (9) lost wages; and (10) loss of earning capacity.