```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


STANLEY HARRIS, ET AL                          CIVIL ACTION

VERSUS                                         NO: 07-9532

CHARLES MILLER, ET AL                          SECTION: J(2)
```

### ORDER AND REASONS

Before the Court is Defendant The Kroger Company's ("Kroger") **Motion for Summary Judgment on the Basis of Prescription (Rec. Doc. 15).** This motion, which is opposed, was set for hearing on May 14, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Kroger's motion should be granted.

### Background Facts

This personal injury lawsuit arises out of a two-vehicle collision that occurred in Memphis, Tennessee on November 4, 2006. Plaintiffs are domiciled in Jefferson Parish, Louisiana. Defendant, the Kroger Company ("Kroger") is a corporation organized in Ohio, whose principal place of business is in Ohio, but which does business in Louisiana, and has a registered agent

in Louisiana.  Defendant Charles Miller[1] was domiciled in Tennessee.

Plaintiffs filed suit in the Louisiana state court for the Parish of Jefferson on November 2, 2007.  Kroger was served on November 27, 2007; Charles Miller has not yet been served.  On December 7, 2007, Plaintiffs filed an amending petition adding State Farm Automobile Insurance Company ("State Farm"), Plaintiffs' under-insured motorist carrier ("UM carrier"), contending that Kroger is under-insured.  Defendants then removed the case on December 17, 2007.

In January 2008, this Court denied Kroger's motion to dismiss.  Kroger argued that because the Louisiana State District Court for the Parish of Jefferson was not and is not a court of competent jurisdiction and venue as to defendant Charles Miller and is not a court of proper venue for Kroger,[2] and because service of process was not made upon Kroger or Charles Miller within one year from the date of the injury or damage,

---

[1] Charles Miller was operating the vehicle owned by Kroger at the time of the accident.

[2] According to Louisiana's general venue rules set forth in La. Code of Civ. Proc. article 42, an action against a foreign corporation must be brought in the parish where its primary business office is located as designated in its application to do business in the state.  Kroger designated East Baton Rouge as the parish of its primary place of business; therefore, venue is improper in Jefferson Parish.

Plaintiffs' claims against these Defendants have prescribed.[3]

This Court determined that the only issue to be decided was whether venue is proper in Jefferson Parish. Under La. Code of Civil Procedure 73, an action against joint or solidary obligors may be brought in a parish of proper venue for any of the defendants under article 42. Therefore, in a case like the instant one, i.e., an action for damages based on a tort, suit may be brought in the parish where the plaintiff is domiciled if the plaintiff's domicile would be proper against any defendant under article 76. And according to article 76, an action on any "other" type of insurance policy, i.e. an uninsured/under-insured motorist policy may be brought in the parish where the insured plaintiff is domiciled.

Thus, this Court determined that venue would be proper in Jefferson Parish, as this is where Plaintiffs are domiciled, as venue is proper there as to Defendant State Farm, so long as State Farm was not fraudulently joined. To that end, the Court found that Kroger failed to satisfy its burden of proving improper joinder (i.e., that Plaintiffs are unable to establish a

---

[3] Personal injury cases are delictual actions subject to a liberative prescription of one year from the date of the injury or damage. La. Civ. Code art. 3492. To interrupt the prescriptive period, suit must be commenced within one year in a court of competent jurisdiction and venue. If the action is commenced in an incompetent court or in an improper venue, prescription is interrupted only as to a defendant that has been served within the one year prescriptive period. La. Civ. Code art. 3462.

cause of action against State Farm).  As such, this Court found that venue is proper in Jefferson Parish, meaning that prescription was interrupted and Plaintiffs' suit was timely.

Now, through the instant motion, Kroger argues that the addition of State Farm as a defendant <u>after</u> one year did not revive the already prescribed claims against Kroger and Charles Miller regardless of the venue question.  As such, according to Kroger, these claims should be dismissed.

## The Parties' Arguments

**A.   Revival of Prescribed Claims**

In its motion, Kroger argues that once the claims against Kroger and Miller were prescribed (by filing in an improper venue and by failure to serve within one year), they could not be revived by filing an amended complaint against Plaintiffs' UM carrier.  Kroger cites to the case <u>Rizer v. American Sur. and Fidelity Ins. Co.</u> in which the court held that a timely filed suit against the tortfeasor's liability insurance carrier did not interrupt prescription as to the already prescribed uninsured motorist claim.  669 So. 2d 387 (La. 1996).  In other words, a suit filed too late against one defendant is not revived due to timely claims against others.  <u>Id.</u>

In the instant case, Kroger argues that the claims against Miller and Kroger have prescribed because these Defendants were not served with process within one year of the accident and the suit was filed in an improper venue as to them.  Plaintiffs added

4

State Farm almost thirteen months after the accident.  While the suit may be timely as to State Farm because it is the UM carrier (and therefore Plaintiffs had two years from the date of the accident to file suit against it),[4] that does not revive the already prescribed claims against Kroger and Miller.

In opposition, Plaintiffs argue that Kroger's motion seeks a ruling on the identical issue of prescription which this Court previously ruled upon.  Plaintiffs do not respond to Kroger's reliance on <u>Rizer</u> and the inability of a timely filed suit against State Farm to revive already prescribed claims against Kroger and Miller.  Plaintiffs instead submit the same arguments they presented in their opposition to Kroger's earlier-filed motion to dismiss.

**B.   Fraudulent Joinder of State Farm**

Additionally, Kroger argues that State Farm was fraudulently joined and there is no viable claim against them.  In opposition, Plaintiffs argue that they have a cognizable claim against State Farm due to the fact that the assets of Charles Miller (who is deceased) are unknown and are not likely to satisfy a judgment in this case.  Furthermore, Plaintiffs argue that they acted in good faith by adding State Farm since at the time of filing, there was no indication of coverage by Kroger.

In reply, Kroger argues that the assets of Miller are irrelevant.  Kroger has always acknowledged that Miller was their

---

[4]   See La. R.S. 9:5629.

employee. As such, Miller would have insurance coverage sufficient to satisfy Plaintiffs' claims. Therefore, Miller's personal assets have nothing to do with whether there is insurance coverage for his actions.

### Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

Interruption of prescription against joint tortfeasor A occurs by a timely lawsuit against joint tortfeasor B only as to conduct for which tortfeasors A and B are responsible, and only if the cause of action against tortfeasor A was not prescribed when the suit against tortfeasor B was filed. See Noggarath v. Fisher, 557 So. 2d 1036, 1037 (La. App. 4th Cir. 1990) (citing Whitnell v. Menville, 540 So. 2d 304 (La. 1989)). This is because "once prescription occurs it cannot be interrupted." Id. As such, a timely suit against one solidary obligor does not interrupt prescription that has run against another solidary

6

obligor. Id. (citing Juneau v. Hartford Insurance Company, 458 So. 2d 1011 (La. App. 3d Cir.1984)).

In the instant case, it is undisputed that service of process was not made upon Kroger or Charles Miller within one year from the date of the accident. This Court has also determined that venue in Jefferson Parish is improper as to Kroger and Miller (prior to the addition of State Farm, provided that State Farm has not been fraudulently joined). As a result, because the claims against Miller and Kroger were not commenced within one year in a court of competent jurisdiction and venue as to them, and because they were not served within the one year prescriptive period, Plaintiffs claims against these Defendants prescribed prior to the addition of State Farm as a defendant and could not be revived by that amendment. See La. Civ. Code art. 3462. As such, Plaintiffs' claims against Kroger and Miller must be dismissed. Accordingly,

**IT IS ORDERED** that Kroger's **Motion for Summary Judgment on the Basis of Prescription (Rec. Doc. 15)** is hereby **GRANTED.**

New Orleans, Louisiana, this 5th day of June, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE